NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 24 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIO CESAR RAMOS BLANCO, | No. 21-959 |
| Petitioner, | Agency No. A208-444-437 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2023[**]
Portland, Oregon

Before: RAWLINSON, BEA, and SUNG, Circuit Judges.

Julio Cesar Ramos Blanco (Ramos Blanco) petitions for review of a

Board of Immigration Appeals (BIA) decision dismissing his appeal of the

denial of his applications for cancellation of removal, asylum, withholding of

removal, and relief under the Convention Against Torture (CAT).

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

"We review the legal determinations of the BIA de novo and the factual determinations for substantial evidence.  Substantial evidence review requires us to uphold the BIA's determination unless the evidence compels a contrary conclusion."  *Gonzalez-Castillo v. Garland*, 47 F.4th 971, 976 (9th Cir. 2022) (citation and internal quotation marks omitted).

**1.**  We lack jurisdiction to review the conclusion that Ramos Blanco failed to establish good moral character and the ultimate decision to deny cancellation of removal, because those determinations are discretionary.  *See Patel v. Garland*, 142 S.Ct. 1614, 1627 (2022) ("Federal courts lack jurisdiction to review facts found as part of discretionary relief proceedings under . . . the . . . provisions enumerated in [8 U.S.C.] § 1252(a)(2)(B)(i).").

**2.**  We lack jurisdiction to review Ramos Blanco's argument that assisting his mother constituted extraordinary circumstances exempting him from the one-year deadline for filing an asylum application.  Ramos Blanco failed to exhaust this argument.  *See* 8 U.S.C. § 1158(a)(2)(D) (providing for an exception to the one-year asylum application deadline based on extraordinary circumstances); *see also Brown v. Holder*, 763 F.3d 1141, 1146 (9th Cir. 2014) (requiring exhaustion).  For the same reason, we lack jurisdiction to review Ramos Blanco's claim that the BIA improperly rejected his proposed social group of "Mexican men who exhibit American mannerisms."  *See id.*  Because Ramos Blanco did not otherwise establish eligibility for withholding of removal, substantial evidence supports the denial of relief.  *See Gutierrez-Alm v.*

*Garland*, 62 F.4th 1186, 1200 (9th Cir. 2023) (concluding that substantial evidence supported the BIA's denial of withholding of removal when the petitioner failed to establish eligibility).

**3.** Finally, substantial evidence supports the BIA's denial of CAT relief. Ramos Blanco does not address the BIA's conclusion that "the record contains no evidence any public official will inflict, instigate, consent to, or acquiesce in any torture or harm to [Ramos Blanco] if he returns to Mexico." *See Garcia v. Wilkinson*, 988 F.3d 1136, 1147 (9th Cir. 2021) (requiring a threat of torture "by or with the acquiescence of a public official" for CAT relief). Evidence of general corruption and violence in Mexico does not compel the conclusion that Ramos Blanco faces a particularized threat of torture. *See id.*

**PETITION DENIED.**

21-959